MATTESON and others *v.* CAINE.[1]

*(Circuit Court, D. California.* February 5, 1883.)

1. COMBINATION PATENT—INFRINGEMENT.
   A patent for a combination of several elements is not infringed by a machine which does not embrace all the elements employed to make up the combination as claimed.

[1] From 8th Sawyer.

2. ANTICIPATION.

A plow standard, with a lug on the upper end, by means of which it is fastened to the plow-beam by three bolts and nuts, not in line, but arranged in the form of a triangle, is anticipated by a cultivator standard fastened to the beam, or bar, by three bolts, arranged in the form of a triangle, although the head of the standard is square, instead of having a lug; and a standard having a bolt and nut with two dowel pins, similarly arranged, is also an anticipation.

In Equity.

*Wheaton & Harpham*, for complainants.

*J. H. Budd* and *J. L. Boone*, for defendant.

SAWYER, J., (*orally.*) This is a bill upon the second reissue of a patent. The reissued patent contains two claims, the first of which is as follows: "The curved standard, A, with the lug, B, and the offsets, D and E, substantially as and for the purpose described." That is a claim for the standard as a whole, but embracing certain elements, and is, in effect, a claim for a complete standard, made up of all those elements in combination; in other words, a patent for a combination.

The point is made here that the bill does not embrace this first claim, but that the suit is brought for an infringement of the second claim only of the patent. I think otherwise. An infringement of the first claim is clearly within the scope of the bill.

A standard introduced in evidence by complainants, and marked "Exhibit C," shows the complainants' standard as now made; and another, marked "Exhibit S," shows it as formerly made by them; and the standard, Exhibit B, made by defendant, is that which is claimed to be an infringement.

If Exhibit C is covered by the patent, then Exhibit B is an infringement. The question is whether or not Exhibit C is constructed in accordance with the patent. I find this difficulty in relation to that exhibit. Exhibit C does not contain one of the elements of the combination described in the first claim of the patent, namely, the offset, D. This offset, as well as the other elements, is very distinctly shown in the drawings of the patent, and described in the specifications, and is an element which is distinctly claimed as one of the features of the invention, as is shown by the following language in the specifications: "An *offset* is made at the point, D, of the standard, a little below the upper edge of the mould-board, and another at the point, E, so that the mould-board projects a little beyond the standard." The *offset, D*, then, is one of the features of the invention described in the specifications of the patent, and it is distinctly claimed in the first claim as one of the elements of the combination, which makes up the completed standard in one piece, composed of the standard, A, the lug, B, and the two offsets, D and E.

One of the elements of this combination, then, the offset, D, is not contained in the standard, Exhibit B, which is claimed to be an infringement; nor is it in Exhibit C, which represents the standard as now made by the complainants; nor is it seen in Exhibit S, the stand-

ard originally manufactured under the patent. A standard which does not contain all·of the elements of the patented combination is not an infringement. The combination is patented as an entirety. *Coolidge* v. *McCone*, 2 Sawy. 576, and cases cited; *Sarven* v. *Hall*, 5 Fisher, 427. As defendant's standard does not contain the element referred to, offset D, I am compelled to hold that it is not an infringement upon the first claim of complainants' patent.

The second claim of the patent is: "A plow standard, constructed with the lug, B, upon its upper end, as described, so that the hole, *b*, may be outside of a direct line, with the holes, *a, a*, substantially as and for the purpose set forth." That claim is not in the original patent, or in the first reissue, but is only found in the second reissue. It is contended by the defendant that the second claim is improperly inserted in the patent; but, for the purpose of my decision, I shall assume that it is a proper claim.

I find, however, that the invention intended to be covered by that claim is anticipated by the devices shown in Exhibits 4 and 15. The only features of the standard-head described in this claim is the arrangement of the three bolts, and holes, *a, a*, and *b*, one out of line with the other two, for the purpose of strengthening the attachment of the standard to the plow-beam. That device is simply a combination of the standard with the bolt-holes and bolts arranged as described; that is, arranged in the form of a triangle, clearly giving a firmer support than would be given if they were arranged in a straight line.

Exhibit 4 is not a plow standard, but it is a cultivator standard, which is substantially the same thing, as the cultivator is practically a small plow, and the use of the standard-head on Exhibit 4 was of a date prior to the date of complainant's patent. The cultivator standard-head is not of the same shape as the head of the complainants' standard, but is square; but the arrangement of the bolts and bolt-holes is the same in both,—the bolts and holes being arranged in a triangle in the square head,—and the purpose of strengthening the attachment to the beam is accomplished by both in precisely the same way and by the same means. The difference in shape of the two heads is of no consequence. It does not matter whether the head of Exhibit 4 was made as there shown, square, or whether pieces were cut out of its sides, or two of its corners cut off so as to make a lug or triangle on it, like that in complainants' standard-head. Substantially they are the same. The bolts and holes are arranged in the same way in the head.

Exhibit 15 is also a cultivator standard, which was in use several years anterior to the date of the patent. The head of that standard also has the three holes, one out of line with the others. Only one of these holes, however, was for a bolt to pass through to be fastened with a nut, but the other two were made to receive dowel-pins instead of bolts. But the bolts are the equivalent of the dowel-pins, and the

purpose in both cases is the same—to strengthen the attachment of the standard to the beam. Exhibit 15, then, is a complete anticipation of the invention covered by the second claim of the patent.

Another standard-head introduced in evidence, which was made by Sperry, shows this same arrangement of the three holes out of line, one with the others; but the evidence as to prior use by Sperry is not very satisfactory. Three or four witnesses for the defendant state that it was made and used by Sperry 20 years or more ago; but there is testimony to the contrary on the part of complainants. One witness testified that Sperry died about 20 years ago, which is very indefinite. Defendant insists that this so-called Sperry standard was made before Sperry died, and before the date of plaintiff's invention. Mr. Matteson, however, states that he had a conversation with Sperry, in which Sperry called his attention to his tenon-head standard, and asked him if he could not rig another head for it; that he told Sperry that he could, and showed him the standard-head described in the patent; and that Sperry's standard was thereupon changed, upon Matteson's suggestion, and the Matteson or patented head substituted for the tenon-head.

As I have stated, the testimony in relation to the prior use of this Sperry standard-head is not satisfactory; but the standard-heads upon Exhibits 4 and 15, I think, clearly show an anticipation of the device described in the second claim of complainants' patent. I shall, therefore, be compelled to find against the validity of that claim upon that ground.

A decree will be entered dismissing the bill.